IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Civil Action No. 1:07CV00407

MICHAEL L. CARVER, DONALD COOK, BRANDON FISHER, JAMES MATTHEW LEVI, ERIC MARX, TED EDWARD RICE, JAYSON ALEXANDER RICHARDSON, and ANGELA SURRATT, on behalf of themselves and all others similarly situated,

    Plaintiffs,

vs.

VELOCITY EXPRESS CORPORATION; VELOCITY EXPRESS, INC.; VELOCITY EXPRESS SOUTHEAST, INC.; VELOCITY EXPRESS LEASING, INC.; VELOCITY EXPRESS LEASING SOUTHEAST, INC.; VELOCITY EXPRESS MID-ATLANTIC, INC.; and JOHN DOE VELOCITY EXPRESS PLAN ADMINISTRATOR

    Defendants.

## DEFENDANTS' PROPOSED DISCOVERY PLAN

1.    **Certification of Conference.** Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(A), the initial conference was held by telephone on March 7, 2008 and concluded on March 14, 2008. The conference was conducted by Edward T. Hinson, Sr., Preston O. Odom III, and John P. Davis, counsel for Plaintiffs, Stephen D. Dellinger and Brian S. Clarke, counsel for Defendants, in the above-captioned case.

2.    **Summary of Issues**. The parties discussed the issues involved with discovery in this matter in some detail. Plaintiffs proposed a "bifurcated" discovery period, with an initial phase to focus on issues relevant to the issuance of notice to members of the alleged FLSA collective defined in Plaintiff's Complaint. Defendants agreed to bifurcated discovery but

contend that the initial discovery period should focus on issues relevant to (1) the conditional certification of this case as a collective action under the FLSA; and (2) certification of this case as a class action under Rule 23 of the Federal Rules of Civil Procedure with regard to the remaining allegations in their Complaint.

In the context of Rule 23 class actions, the Fourth Circuit has stated that the district court's determination regarding class certification "should be predicated on more information that the complaint itself affords. The court may, and often does, permit discovery relating to the issues involved with maintainability [of the action as a class action]." *Doctor v. Seaboard Coast Line R.R. Co.*, 540 F.2d 699, 707 (4th Cir. 1976) (internal quotations omitted) (citing cases); *see also Ardrey v. United Parcel Serv.*, 798 F.2d 679, 680-81 (4th Cir. 1986) (courts have the discretion to allow discovery on the certification issue while postponing discovery on the merits). Further, in collective actions under Section 216(b), district courts "typically" bifurcate discovery with the initial phase of discovery focusing on whether the action should proceed as a collective action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Bifurcating discovery generally serves the interests of fairness and efficiency in discovery and in the litigation. MANUAL FOR COMPLEX LITIGATION § 11.213 (4th ed. 2005).

Under Defendants' proposed discovery plan, Plaintiffs would file any Motion For Class Certification Under Rule 23 and/or for Conditional Certification and Issuance of Notice Under Section 216(b) within 30 days of the close of the initial discovery period. After the Court ruled on such a motion, the parties would meet again and formulate a plan for "merits" discovery. The Court's ruling on any such motions by Plaintiffs "will have a substantial impact on further proceedings, including the scope of discovery, the definition of issues, the length and complexity of the trial and the opportunities for settlement." MANUAL FOR COMPLEX LITIGATION § 11.213

(4th ed. 2005). For example, if the Court granted a Motion For Class Certification Under Rule 23 and/or for Conditional Certification and Issuance of Notice Under Section 216(b), then extensive, time consuming, class-wide and collective-wide merits discovery would be necessary. Whereas, if the Court denied such a motion, merits discovery would focus only on the Named Plaintiffs'' individual claims.

In the alternative, Defendants propose that, to the extent that the Court allows merits discovery (if any) during the initial discovery period, such merits discovery should focus solely on the individual claims of the Named Plaintiffs. *See Ardrey*, 798 F.2d at 680-81.

3.  **Pre-Discovery Disclosures.** The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged no later than thirty (30) days following the entry of the Scheduling Order.

4.  **Discovery Plan.** Defendants propose to the Court the following bifurcated discovery plan:

> (a) Plaintiffs seek to pursue this action as a FLSA collective action pursuant to 29 U.S.C. § 216(b) ("Section 216(b)") and a statewide class action under the North Carolina Wage & Hour Act, FMLA, ERISA and Declaratory Judgment Act pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Section 216(b) and Rule 23 actions typically involve a two-step discovery process. Thus, Defendants propose a bifurcated discovery process in the present action. First, an initial period of discovery limited to issues relevant to (1) the conditional certification of this case as a collective action under the FLSA; and (2) certification of this case as a class action under Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "Initial Discovery"). Second, if necessary, a period of discovery on the merits of the underlying claims

(hereinafter referred to as "Merits Discovery"). Defendants' position is that Merits Discovery should not commence until after the completion of Initial Discovery, Plaintiffs' filing of a Motion For Class Certification Under Rule 23 and/or for Conditional Certification and Issuance of Notice Under Section 216(b) and the Court's ruling on such motion(s). Defendants submit that it is most cost effective and an efficient use of scarce judicial resources that only after the Court determines whether this matter will proceed as a collective and/or class action or as an individual action by the Named Plaintiffs and the precise parameters of this litigation are defined, should the parties engage in Merits Discovery.

(b) Initial Discovery shall be commenced immediately upon entry of the Court's Scheduling Order and shall be completed within 90-days thereafter.

(c) Plaintiffs' Motion For Class Certification Under Rule 23 and/or for Conditional Certification and Issuance of Notice Under Section 216(b), together with proposed Notices to members of the class and collective, shall be filed within 30-days of the close of the Initial Discovery period. Defendant's opposition to Plaintiffs' motion shall be filed 30-days following the service of Plaintiff's motion.

(d) After the Court issues a ruling on Plaintiffs' Motion For Class Certification Under Rule 23 and/or for Conditional Certification and Issuance of Notice Under Section 216(b), the parties shall meet to formulate a discovery plan for the Merits Discovery period within 30 days of the Court's ruling on the motion. The parties shall submit to the Court a report of their meeting regarding Merits Discovery within 5 business days of such meeting.

(e) Discovery Limits (Initial Discovery):

    (1) Maximum of 35 interrogatories to each party.

    (2) Maximum of 35 document requests to each party.

    (3) Maximum of 35 requests for admission to each party.

    (4) Maximum of 16 depositions by Plaintiffs and by Defendants (i.e., maximum of 16 depositions by each side). The parties may agree to exceed this limit, if necessary; however, if parties cannot agree to the need to exceed the limit, any party may request permission of the Court to exceed the limit.

(f) The parties shall confer and submit to the Court proposed deadlines for reports from retained experts under Rule 26(a)(2) as part of their proposed plan for Merits Discovery. (*See* Paragraph 4(d) above.)

(g) Supplementations under Rule 26(e) will be due within 30 days of when a party receives additional information that changes or supplements a prior disclosure or discovery response. All required supplementations should be completed sufficiently in advance of the discovery cutoff date to allow the opposing party to conduct follow up discovery.

(h) The parties will, to the extent feasible, cooperate to avoid unnecessary expense in connection with such discovery. Defendants intend to maintain all available Company documents and information, electronic and paper, regarding the employment, work and payroll histories of all plaintiffs during the relevant time period. At this time, the parties have not reached any agreement concerning a claim of privilege or work product protection with respect to paper documents

or electronically stored information that is inadvertently produced. The parties will comply with Rule 26(b)(5)(B).

5. **Other Items.**

(a) Defendants respectfully request that the Court schedule an Initial Pretrial Conference in this matter pursuant to Local Rule (Civil) 16.1(G) prior to the issuance of a Scheduling Order.

(b) Defendants believe that the prospect of settlement can be better evaluated after the Initial Discovery period described above.

(c) Settlement may be enhanced by use of mediated settlement conference. Defendants believe that a mediated settlement conference would be most useful if conducted after the Court's ruling on Plaintiffs' Motion For Class Certification Under Rule 23 and/or for Conditional Certification and Issuance of Notice Under Section 216(b). The parties shall confer regarding the potential for a mediated settlement conference as part of their proposed plan for Merits Discovery. (*See* Paragraph 4(d) above).

6. Please identify any other matters regarding discovery or case management which may require the Court's attention:

None.

Dated this the 1st day of April, 2008.

/s/ **Brian S. Clarke**
Stephen D. Dellinger
N.C. Bar #16609
*sdellinger@littler.com*
Brian S. Clarke
N.C. Bar #26560
*bclarke@littler.com*
LITTLER MENDELSON P.C.
100 North Tryon Street, Suite 4150
Charlotte, North Carolina 28202
*Telephone:* 704.972.7000
*Facsimile*: 704.333.4005

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

  I hereby certify that on **April 1, 2008**, I electronically filed the foregoing **DEFENDANTS' PROPOSED DISCOVERY PLAN** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Edward T. Hinson, Jr., Esq.
*ehinson@jmdlaw.com*
Preston O. Odom, III, Esq.
*podom@jmdlaw.com*
John P. Davis, Esq.
*jpdavis@jmdlaw.com*
James, McElroy & Diehl
600 South College Street, Suite 3000
Charlotte, N.C. 28202

J. Neal Rodgers, Esq.
*neal@jnrodgerslaw.com*
Law Offices of J. Neal Rodgers PLLC
4000 Tuckaseegee Road
Charlotte, N.C. 28208

*Attorneys for Plaintiffs*

              **/s/ Brian S. Clarke**
              Stephen D. Dellinger
              N.C. State Bar No. 16609
              *sdellinger@littler.com*
              Brian S. Clarke
              N.C. State Bar No. 26560
              *bclarke@littler.com*
              LITTLER MENDELSON, P.C.
              Bank of America Corporate Center
              100 North Tryon Street, Suite 4150
              Charlotte, North Carolina 28202
              *Telephone*: 704.972.7000
              *Facsimile*: 704.333.4005

              *Attorneys for Defendants*

Firmwide:84517986.2 057214.1006