IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:07-CV-407

MICHAEL L. CARVER; DONALD )
COOK; BRANDON FISHER; JAMES )
MATTHEW LEVI; ERIC MARX; )
TED EDWARD RICE; JAYSON )
ALEXANDER RICHARDSON, and )
ANGELA SURRATT, )
                                                                   )
on behalf of themselves and all others )
similarly situated, )
                                                                   )
            Plaintiffs, )
                                                                   ) **PLAINTIFFS' PROPOSED**
vs. ) **DISCOVERY PLAN**
                                                                   )
VELOCITY EXPRESS )
CORPORATION; VELOCITY )
EXPRESS, INC; VELOCITY )
EXPRESS SOUTHEAST, INC.; )
VELOCITY EXPRESS LEASING, )
INC.; VELOCITY EXPRESS )
LEASING SOUTHEAST, INC.; )
VELOCITY EXPRESS MID- )
ATLANTIC, INC.; and JOHN DOE )
VELOCITY EXPRESS PLAN )
ADMINISTRATOR, )
                                                                   )
            Defendants. )
                                                                   )

        **NOW COME** Plaintiffs Michael L. Carver, Donald Cook, Brandon Fisher, James Matthew Levi, Eric Marx, Ted Edward Rice, Jayson Alexander

Richardson, and Angela Surratt ("Plaintiffs") and show the Court the following proposal for a Discovery Plan in this action.

1. **Initial Disclosures**

Plaintiffs and Defendants will exchange all information required under Rule 26(a)(1) within thirty (30) days of the Court's entry of a Scheduling Order.

2. **Discovery Plan**

Plaintiffs seek to pursue their action as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a class action under Rule 23 of the Federal Rules of Civil Procedure, as permitted in Beltran-Benitez v. Sea Safari, LTD, 180 F.Supp.2d 722 (E.D.N.C. 2001). Proceedings under § 216(b) and Rule 23 are quite different, due to the "opt-in nature" of § 216(b) and the "opt-out" nature of Rule 23. Rule 23 class actions generally require a single motion for certification after the completion of discovery as to propriety of Rule 23 certification. Actions under § 216(b), on the other hand, require a two-step process—first, the parties seeking to bring a collective action must file for preliminary certification, usually after a very brief period of expedited discovery. See, e.g., Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 110 S.Ct. 482 (1989) (approving preliminary

certification of a collective action as proper under § 216(b)). Then, after a more extensive period of discovery, the party opposing collective action status may file a motion to decertify the collective action. See, e.g., Quinteros v. Sparkle Cleaning, Inc., 532 F.Supp.2d 762, FN6 (D.Md. 2008).

In light of these competing interests, Plaintiffs propose a two-phase discovery process, similar to that enacted in Barton, et al. v. The Pantry, Inc. et al., 1:04CV748 (M.D.N.C. 2006), a copy of which is appended hereto, wherein Magistrate Judge Sharp entered a discovery order allowing Plaintiffs to proceed with their preliminary certification motion while discovery into the Rule 23 aspects of the case was on-going. Under Plaintiffs' plan, the first phase of discovery ("Initial Discovery") will focus on the issues involved in certification under both Rule 23 and § 216(b). At the beginning of this phase, and in order to facilitate a motion for preliminary certification, Plaintiffs will be entitled to a brief set of Expedited Interrogatories and Expedited Requests for Production of Documents, directed solely to the issues of whether and to what extent there exist individuals similarly situated to Plaintiffs for purposes of a preliminary certification motion under § 216(b). After receiving responses to their Expedited Interrogatories, Plaintiffs will file a motion for preliminary certification of a collective action under § 216(b), even as

discovery regarding certification under Rule 23 is on-going. At the end of the Initial Discovery phase, Plaintiffs will file their motion for certification of a class action under Rule 23. Once both motions have been resolved, a second, merits phase of discovery ("Merits Discovery") will occur to address the remaining issues in the case.

    (a) Initial Discovery shall commence immediately upon the Court's entry of a Scheduling Order and shall be completed no later than 180 days thereafter.

    (b) The scope of Initial Discovery shall be limited to all matters relevant to certification of a collective action under § 216(b) and certification of a class action under Rule 23. This shall extend to the merits of the case insofar as inquiry into the merits is relevant to class and collective action certification, and shall extend to matters involving potential members of the class and potential members of the collective action insofar as those matters are relevant to class and collective action certification, including disclosure of the names, addresses, and job descriptions of all prospective members of the class and collective actions.

(c) At the beginning of Initial Discovery, Plaintiffs shall be allowed to issue a set of ten (10) Expedited Interrogatories and ten (10) Expedited Requests for Production of Documents, limited in scope to the issues of whether and to what extent there exist individuals similarly situated to Plaintiffs for purposes of preliminary certification under § 216(b), including requests for the identities of those individuals. Defendants will have no more than fifteen (15) days to answer such interrogatories and document requests except for good cause shown.

(d) Plaintiffs' Motion for Preliminary Certification of a Collective Action and/or Motion to Amend Complaint shall be filed no later than thirty (30) days following receipt of Defendants' responses to Plaintiffs' Expedited Interrogatories and Expedited Requests for Production of Documents. Defendants shall then have fourteen (14) days to file a response to Plaintiffs' motion, and Plaintiffs shall have seven (7) days to reply to Defendants' Response.

(e) Plaintiffs' Motion for Class Certification Under Rule 23 shall be filed not later than thirty (30) days following the close of Initial Discovery. Defendants shall then have fourteen (14) days to file a

response to Plaintiffs' motion, and Plaintiffs shall have seven (7) days to reply to Defendants' Response.

(f) Within thirty (30) days following the Court's ruling on Plaintiffs' Motion for Class Certification Under Rule 23, the parties will meet and confer to formulate a discovery plan for Merits Discovery in light of the Court's ruling. The parties shall submit to the Court a report of their meeting and a Proposed Merits Discovery Plan within five (5) days of this meeting.

(g) Discovery Limits (Initial Discovery only).

  i. A maximum of 35 interrogatories to each party, not inclusive of Plaintiffs' Expedited Interrogatories.

  ii. A maximum of 35 document requests to each party, not inclusive of Plaintiffs' Expedited Requests for Production of Documents.

  iii. A maximum of 35 requests for admissions to each party.

  iv. A maximum of 16 depositions to each party. The parties may agree to exceed this limit; however, if the parties cannot agree to the need to exceed this limit, either party may seek permission of the Court to do so.

(h) The parties will meet and confer and submit to the Court proposed deadlines for retaining experts under Rule 26(a)(2) as part of their proposed plan for Merits Discovery.

(i) Supplementations under Rule 26(e) will be due within thirty (30) days of when a party receives additional information that changes or supplements a prior disclosure or discovery response. All required supplementations should be completed sufficiently in advance of the discovery cutoff date to allow the opposing party to conduct follow up discovery.

(j) The parties will, to the extent feasible, cooperate to avoid unnecessary expense in connection with such discovery. Defendants will maintain all available company documents and information, electronic and paper, regarding the employment, work and payroll histories of all plaintiffs and all potential members of the collective and class actions during the relevant time period. At this time, the parties have not reached any agreement concerning a claim of privilege or work product protection with respect to paper documents or electronically stored information that is inadvertently produced. The parties will comply with Rule 26(b)(5)(B).

3. **Other Items**

(a) Prospects of Settlement. Plaintiffs believe that the prospect of settlement cannot be properly evaluated until after determination of Plaintiffs' Motion for Preliminary Certification of a Collective Action and/or Motion to Amend Complaint.

(b) Consent to Magistrate's Jurisdiction. The parties have discussed the issue of consent to jurisdiction of a United States Magistrate Judge.

(c) Dispositive Motions. All dispositive motions shall be filed within sixty (60) days of the close of Merits Discovery.

(d) Final Lists of Witnesses and Exhibits. A final list of all witnesses and exhibits to be employed at trial shall be exchanged no later than thirty (30) days before trial.

(e) Length of Trial. The length of trial in this case cannot be determined until Plaintiffs' Motion for Preliminary Certification of a Collective Action and/or Motion to Amend Complaint and Motion for Class Certification Under Rule 23 have been resolved.

Respectfully submitted this 4th day of April, 2008.

| **JAMES, McELROY & DIEHL, P.A.** | **LAW OFFICES OF J. NEAL RODGERS, PLLC** |
|---|---|
| /s Edward T. Hinson, Jr. | s/ J. Neal Rodgers |
| Edward T. Hinson, Jr., | J. Neal Rodgers |
| NC State Bar # 7795 | NC State Bar # 20587 |
| Preston O. Odom, III | 4000 Tuckaseegee Road |
| NC State Bar # 29587 | Post Office Box 668764 |
| John Parke Davis | Charlotte, NC 28266-8764 |
| NC State Bar # 34427 | 704-392-4111 (telephone) |
| 600 South College St. | 704-391-1905 (facsimile) |
| Charlotte, NC 28202 | Neal@jnrodgerslaw.com |
| 704-372-9870 (telephone) | |
| 704-333-5508 (facsimile) | |
| EHinson@jmdlaw.com | |
| POdom@jmdlaw.com | |
| JPavis@jmdlaw.com | |

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **PLAINTIFFS' PROPOSED DISCOVERY PLAN** has this date been served upon the persons named below via the Court's CM/ECF system:

>Stephen D. Dellinger
>Littler Mendelsohn, P.C.
>Bank of America Corporate Center
>100 North Tryon Street, Suite 4150
>Charlotte, N.C. 28202
>Email: sdellinger@littler.com
>*Attorneys for Defendants*

This 4th day of April, 2008.

| **JAMES, McELROY & DIEHL, P.A.** | **LAW OFFICES OF J. NEAL RODGERS, PLLC** |
|---|---|
| /John Parke Davis | s/ J. Neal Rodgers |
| Edward T. Hinson, Jr., | J. Neal Rodgers |
| NC State Bar # 7795 | NC State Bar # 20587 |
| Preston O. Odom, III | 4000 Tuckaseegee Road |
| NC State Bar # 29587 | Post Office Box 668764 |
| John Parke Davis | Charlotte, NC 28266-8764 |
| NC State Bar # 34427 | 704-392-4111 (telephone) |
| 600 South College St. | 704-391-1905 (facsimile) |
| Charlotte, NC 28202 | Neal@jnrodgerslaw.com |
| 704-372-9870 (telephone) | |
| 704-333-5508 (facsimile) | |
| EHinson@jmdlaw.com | |
| POdom@jmdlaw.com | |
| JPavis@jmdlaw.com | |