# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL ACTION NO. 1:07-CV-407

| | |
|---|---|
| MICHAEL L. CARVER; DONALD COOK; BRANDON FISHER; JAMES MATTHEW LEVI; ERIC MARX; TED EDWARD RICE; JAYSON ALEXANDER RICHARDSON, and ANGELA SURRATT, <br><br> on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> VELOCITY EXPRESS CORPORATION; VELOCITY EXPRESS, INC; VELOCITY EXPRESS SOUTHEAST, INC.; VELOCITY EXPRESS LEASING, INC.; VELOCITY EXPRESS LEASING SOUTHEAST, INC.; VELOCITY EXPRESS MID-ATLANTIC, INC.; and JOHN DOE VELOCITY EXPRESS PLAN ADMINISTRATOR, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' PROPOSED DISCOVERY PLAN** |

**NOW COME** Plaintiffs Michael L. Carver, Donald Cook, Brandon

Fisher, James Matthew Levi, Eric Marx, Ted Edward Rice, Jayson Alexander

Richardson and Angela Surratt (collectively, the "Named Plaintiffs") and submit this Memorandum of Law in support of their Proposed Discovery Plan for this action.

Named Plaintiffs, on behalf of themselves and others similarly situated, have brought this case as a "hybrid action" containing both claims for a collective action under § 216(b) of the Fair Labor Standards Act (the "FLSA") and claims for a class action under Rule 23 of the Federal Rules of Civil Procedure. A collective action under § 216(b) is "opt-in," requiring potential members of the collective action to file a consent before the statute of limitations stops running against their individual claims. Because of this, preliminary certification of a § 216(b) collective action, and consequent court-approved notice, requires expediency, including expediency of discovery. Certification of a class action under Rule 23, on the other hand, does not contain the time limitations of a § 216(b) collective action, and requires plaintiffs to meet a much higher burden of proof. Thus, much more extensive discovery is necessary prior to a motion for class certification under Rule 23 than under § 216(b).

Named Plaintiffs propose a discovery plan that will meet the complex interests of both § 216(b) and Rule 23 while, at the same time, further the

2

interests of judicial economy. Defendants' plan, on the other hand, would both delay Named Plaintiffs' ability to move for preliminary certification of a collective action under § 216(b)—thereby causing the statute of limitations to run further for potential members of such action—and simultaneously would constrict the scope of discovery on issues relevant to certification of a Rule 23 class action to the extent that Named Plaintiffs' ability to put on evidence relevant to Rule 23 certification would be foreclosed. Such an approach undercuts the purposes of both § 216(b) and Rule 23. Therefore, the Court should adopt Named Plaintiffs' proposed discovery plan and reject the discovery plan proposed by Defendants.

## BACKGROUND

Named Plaintiffs are all pick-up and delivery drivers who entered into Independent Contractor Agreements for Transportation Services with one or more of Defendants Velocity Express Corporation, Velocity Express, Inc., Velocity Express Southeast, Inc., Velocity Express Leasing, Inc., Velocity Express Leasing Southeast, Inc., and Velocity Express Mid-Atlantic, Inc. (collectively, "Velocity Express") in North Carolina. Named Plaintiffs contend that Velocity Express misclassified them and other similarly situated workers as "independent contractors," when, in fact, Velocity Express's

3

treatment of them and policies toward them rendered them "employees" under applicable law, including the FLSA, 29 U.S.C. § 201 *et seq.*, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.6. Due to this misclassification, Named Plaintiffs allege that they were denied all legal incidents of employment, including but not limited to overtime pay under the FLSA, benefits under ERISA and the FMLA, and appropriate wages under the NCWHA.

Counsel for Named Plaintiffs and counsel for Defendants held a telephonic Initial Attorneys' Conference, as required by Rule 26(f), on March 7, 2008. Shortly prior to the Initial Attorneys' Conference, Named Plaintiffs' counsel learned that there might exist another group of drivers for Velocity Express who would not be strictly covered by the definition of the collective action as set forth in the Complaint, yet who would otherwise be similarly situated to the Named Plaintiffs, potentially necessitating that Named Plaintiffs amend their Complaint to encompass these drivers. Named Plaintiffs therefore proposed a bifurcated discovery plan that would allow them to conduct expedited discovery directed at determining whether and to

what extent there existed individuals similarly situated to Named Plaintiffs prior to filing a motion for preliminary certification under Rule 216(b). Defendants agreed that a bifurcated discovery plan was warranted, but proposed a radically different plan under which Named Plaintiffs would not be allowed to seek preliminary certification of a collective action until extensive discovery had been performed on Rule 23 class issues, and which would sharply narrow the scope of discovery prior to a motion for class certification under Rule 23.

Though all communications between the parties' respective counsel have been nothing but cordial, counsel have reached an impasse as to how discovery should proceed. As such, the parties jointly moved the Court on March 14, 2008, to conduct an Initial Pretrial Conference in order to break the impasse and implement an effective discovery plan.

## NAMED PLAINTIFFS' PROPOSED DISCOVERY PLAN

Named Plaintiffs now propose a compromise discovery plan which would allow them to address the issues of timeliness inherent in the § 216(b) collective action portion of this case, while also preserving the bifurcated discovery sought by Defendants. Under Named Plaintiffs' plan, filed contemporaneously with this brief, discovery would be bifurcated into an

initial phase ("Initial Discovery") and a merits phase ("Merits Discovery"). During Initial Discovery, the scope would be limited to all matters relevant to certification of a collective action under § 216(b) and certification of a class action under Rule 23. Contrary to Defendants' plan, however, this would extend to *all* issues relevant to collective action and class action certification issues, including those which overlap with the merits of the case or which require information regarding potential members of the collective action or potential members of the class.

Additionally, Named Plaintiffs' proposed discovery plan would make special allowance for the unique requirements of preliminary certification under § 216(b) by allowing them to serve an abbreviated set of Expedited Interrogatories and Expedited Requests for Production of Documents, narrowly tailored to the issues of whether and to what extent there exist individuals similarly situated to Named Plaintiffs for purposes of § 216(b). This would afford Named Plaintiffs the ability to receive the abbreviated discovery necessary under § 216(b) without sacrificing their ability to seek preliminary certification in the timely manner mandated by § 216(b)'s constantly running statute of limitations.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure grants the district court broad discretion to shape the course of discovery to suit the unique needs of an individual case. See, e.g., Crawford-El v. Britton, 523 U.S. 574, 598-99, 118 S.Ct. 1584, 1596-97 (1998) (discussing the court's ability to craft discovery in a particular case). In shaping discovery, the Court must look to the circumstances and allegations of the individual case before it to determine what discovery methods are most appropriate. See, e.g., Newman v. Motorola, Inc., 125 F. Supp. 2d 717, 725 (D. Md. 2000) (holding that "[t]he court has both the discretion and the obligation to structure discovery in the most appropriate way for a particular case"). The only major restriction on the court's discretion is that it may not structure discovery in such a manner that a party is prevented from being able to adequately set forth its claims and theories. See, e.g., Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986) (stating that "a district court may not, through discovery restrictions, prevent a plaintiff from pursuing a theory or entire cause of action").

The parties' discovery dispute here centers on two issues: first, whether Named Plaintiffs' motion for preliminary certification of a collective action

7

under § 216(b) may proceed immediately after expedited discovery or instead should be delayed until after discovery regarding Rule 23 class action certification; and second, whether the scope of Initial Discovery, where those areas overlap with the certification decision, should extend to the merits of Named Plaintiffs' claims and to matters involving prospective members of collective and class actions other than the Named Plaintiffs. Each of these issues will be treated separately below.

## I. NAMED PLAINTIFFS' MOTION FOR PRELIMINARY CERTIFICATION, AND ASSOCIATED EXPEDITED DISCOVERY, SHOULD BE ALLOWED IMMEDIATELY AND NOT DELAYED UNTIL THE END OF INITIAL DISCOVERY.

A collective action under § 216(b) of the FLSA is not like a class action under Rule 23 of the Federal Rules of Civil Procedure. Under Rule 23, a single motion for class certification is filed at the end of a period of extensive discovery into class issues. See, e.g., Amchem Products, Inc. v. Windsor, 521 U.S. 591, 615-16, 117 S.Ct. 2231, 2245-46 (1997) (discussing the requirements of class action certification and noting that courts are required to take a "close look" at the case before certifying a class). A collective action under § 216(b) of the FLSA, in contrast, requires a two-step certification process. In the first step, the court determines whether or not to

preliminarily certify a collective action and issue court-supervised notice to potential members of the collective action. See, e.g., Quinteros v. Sparkle Cleaning, Inc., 532 F.Supp.2d 762, 771-72 (D. Md. 2008). A movant's burden with respect to this step is low, requiring only a modest factual showing, and therefore rendering slight the discovery necessary prior to making such a motion. See, e.g., Ellis v. Edward D. Jones& Co., L.P., 527 F.Supp.2d 439, 461-62 (W.D. Pa. 2007); see also Hoffman v. Sbarro, Inc., 982 F.Supp. 249, 263 (S.D.N.Y. 1997) (collecting authority contrasting the burden under § 216(b) with that of Rule 23 and concluding that "§ 216(b) collective actions are *not* subject to Rule 23's strict requirements, particularly at the notice stage" (emphasis in original)). This is because a § 216(b) collective action, unlike a Rule 23 class action, requires that each potential plaintiff affirmatively "opt-in" by filing a consent to join the action. 29 U.S.C. § 216(b) (West, Westlaw through 1996 amendments) (stating "no employee shall be a party plaintiff to [a collective] action unless he gives his consent in writing … and such consent is filed in the court in which such action is brought). Until such consent is filed, the statute of limitations continues to run as to the individual filing the consent, and that individual's claims cannot relate back to the filing of the original complaint unless the

court allows equitable tolling. See, e.g., In re Food Lion, Inc., 151 F.3d 1029, 1998 WL 322682 at *13 (4th Cir. 1998) (Unpublished Opinion) (quoting Kuhn v. Philadelphia Elec. Co., 487 F. Supp. 974 (E.D. Pa. 1980)); Lee v. Vance Executive Protection, Inc., 7 Fed. Appx. 160, 166-67 (4th Cir. 2001) (Unpublished Opinion). Thus, the benefits of a collective action--that is, allowing plaintiffs to pool resources to vindicate common rights in the employment context--"depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 170, 110 S.Ct. 482, 486 (1989).

Once a collective action has been preliminarily certified, the court then allows the plaintiffs to issue court-approved notice to prospective members of the collective action. See, e.g., Montoya v. S.C.C.P. Painting Contractors, Inc., Civil No. CCB-07-455, 2008 WL 554114 at *4 (D. Md. Feb 27, 2008) (stating that "[b]ecause each potential plaintiff must affirmatively opt in to the law suit, and because 'the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until the plaintiff files the written consent form' [citation omitted], court facilitated notice is crucial"). This involves numerous deadlines, including a deadline

for notice to be issued, a deadline for consents to be returned, and a deadline for consents to be filed with the court. Once the window for filing such consents has closed, more extensive discovery may take place, culminating in a motion to decertify the collective action filed by the defendants at the close of discovery. Quinteros, 532 F.Supp.2d at 772, n. 6.

Here, a small amount of expedited discovery is necessary to determine if the definition of the collective action as listed in the Complaint should be amended prior to issuance of court-approved notice and to better focus the factual issues for the Court's determination. This expedited discovery should be narrowly focused on the specific issue of whether and to what extent there exist parties similarly situated to Named Plaintiffs for purposes of a preliminary certification motion under § 216(b). Once this expedited discovery is completed, Named Plaintiffs should be allowed to immediately file a motion for preliminary certification of a collective action and for issuance of court-approved notice to allow prospective members of the collective action to receive notice of the action and stop the ever-running statute of limitations by filing their consents as quickly and efficiently as possible.

Defendants, while correctly noting that discovery is often necessary prior to a motion for conditional certification under § 216(b), fail to distinguish between this expedited discovery and the much more extensive and detailed discovery necessary prior to a motion to certify a class action under Rule 23. Conflating these two issues is a mistake, however. <u>See, e.g.</u>, <u>Sbarro</u>, 982 F.Supp. at 263 (contrasting the requirements for preliminary § 216(b) certification with those for certification of a class action under Rule 23.) While the opt-out nature and high standards of Rule 23 actions make a long delay during pre-certification discovery acceptable, each day that passes before notice is issued under § 216(b) is another day where the statute of limitations runs for potential members of the collective action. <u>See, e.g</u>, <u>Lee</u>, 7 Fed. Appx. at 167. Named Plaintiffs should not be forced to wait until the end of the extensive discovery required for Rule 23 certification to file their motion for preliminary certification of a § 216(b) collective action. Instead, the discovery necessary for Named Plaintiffs to make a motion for preliminary certification under § 216(b) should be an expedited part of the Initial Discovery phase, in order to ensure that, should a collective action be certified, all prospective members will receive as much of an opportunity to have their claims heard as possible.

## II. THE SCOPE OF INITIAL DISCOVERY SHOULD EXTEND TO ALL MATTERS RELEVANT TO CERTIFICATION OF A § 216(b) COLLECTIVE ACTION AND A RULE 23 CLASS ACTION.

Where a court chooses to bifurcate discovery in order to determine issues of class certification, the court should allow the parties to seek discovery on all issues relevant to class certification. See, e.g., Gariety v. Grant Thornton, LLP, 368 F.3d 356, 365 (4th Cir. 2004) (noting the necessity of courts reviewing all relevant matters prior to ruling on a motion for class certification). This can often be complicated, as matters which touch on the merits of the case are not always easily distinguishable from matter of certification; indeed, the two frequently overlap. See, e.g., Coopers & Lybrand v. Livesay, 437 U.S. 463, 469, 98 S.Ct. 2454, 2458 (1978) (noting that "the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action [cite omitted]'). Under Rule 23(b)(3), for example, the Court must determine the extent to which common issues predominate over individual issues, and the extent to which a class action is superior to other forms of resolution, both factors which have frequently been found to require inquiry into the merits of the case. See, e.g., Gariety, 368 F.3d at 365 (discussing

predomination and superiority questions and holding that "the factors spelled out in Rule 23 must be addressed through findings, even if they overlap with issues on the merits"). Courts should not limit discovery into these areas, but must consider all factors under Rule 23, including those that overlap with merits of the case. Id.; see also Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1988 n. 13 (2007) (Stephens, J., dissenting) (noting that sufficient discovery should be permitted to enable a court to undertake the "rigorous analysis" required to determine class certification issues under Rule 23).

Likewise, discovery should not be limited solely to the claims of Named Plaintiffs, as issues of certification often require discovery regarding prospective plaintiffs as well. Under § 216(b), for example, the Court must determine whether potential plaintiffs are "similarly situated" to the named plaintiffs, and under Rule 23(a), the Court must determine if they share common issues with the named plaintiffs, and if the named plaintiffs are "typical" of the prospective class. 29 U.S.C. 216(b); Fed. R. Civ. Pro. 23(a). Facts about prospective class members, including their identities, job descriptions, and periods of employment, may all be relevant to these determinations. See, e.g., Acevedo v. Ace Coffee Bar, Inc., --F.R.D.--, No.

07-C-4091, 2008 WL 538915 at *4 (N.D. Ill. Feb 27, 2008) (holding that names, addresses, and telephone numbers of potential similarly situated employees was information relevant to FLSA collective action determination and therefore discoverable); Barton v. The Pantry, Inc., Civ. No. 1:04-CV-00748, 2006 WL 2568462 at *1 (M.D.N.C. 2006) (making a similar determination in a decision in a case cited by Defendants). Similarly, the number of a corporation's employees and their location is certainly relevant to the numerosity requirement of Rule 23 in an action brought on behalf of those employees. See, e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 2389 n. 13 (1978) (stating that "discovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation").

Also, contrary to Defendants' assertions, pre-certification discovery in § 216(b) collective actions frequently includes discovery of names and addresses of potential members of the collective action, and in fact, such discovery is often mandated. Acevedo, 2008 WL 538915 at *4 (holding that due process requires production of names and addresses of potential similarly situated workers prior to preliminary certification of a collective action under

§ 216(b)). Indeed, many of the cases cited by Defendants actually contradict their position and support pre-certification disclosure. See Barton, 2006 WL 2568462 at *1 (explicitly overruling a defendant's objection to production of names and addresses of prospective collection action members prior to preliminary certification of a collective action); Simmons et al. v. United Mortgage and Loan Investment, LLC, 3:07-CV-496 (W.D.N.C. Jan. 16, 2008) (entering discovery plan by consent which allowed exchange of names and addresses of potential class members prior to certification under either § 216(b) or Rule 23); Hoffman-La Roche, 493 U.S. at 170, 110 S.Ct. at 486. In Hoffman-La Roche v. Sperling, an age discrimination case invoking the § 216(b) standard, the Supreme Court explicitly approved of a lower court's decision ordering the defendant corporation to produce the names and addresses of its employees who were potential members of the collective action. See 493 U.S. at 170, 110 S.Ct. at 486. In so doing, the Court in no way predicated its approval on the lower court's grant of preliminary certification under § 216(b), instead stating:

> Without pausing to explore alternative bases for discovery, for instance that the employees might have knowledge of other discoverable matter, we find it suffices to say that the discovery was relevant to the subject matter of the action and that there

were no grounds to limit the discovery under the facts and circumstances of the case.

Id.

Thus, where the names and addresses of prospective members of the collective action are relevant to the subject matter of the action, discovery will be allowed. As discovery of names and addresses is frequently relevant to, among other things, the issue of defining a class or a collective, this type of discovery is often allowed prior to certification. See, e.g., Acevedo, 2008 WL 538915 at *5 (holding that "the utility of allowing Plaintiffs limited discovery [of names and addresses] pre-certification is to determine which employees are in fact similarly situated so they may satisfy the evidentiary requirement at the first step."); Barton, 2006 WL 2568462 at *1 ("The need for rapid development of the case is the context within which the Court ordered that Plaintiffs may have discovery of the names and addresses of potential class members. The primary need of Plaintiffs for these names is so that Plaintiffs can, without unnecessary delay, arrange for court-approved notice to putative members as quickly as possible after a ruling by the Court (if there be such) that a collective class is conditionally certified."); Hammond v. Lowe's Centers, Inc., 216 F.R.D. 666, 671 (D. Kan. 2003)

17

("While moving for provisional certification of a collective class is a required step in litigating section 216(b) actions, provisional certification is not necessarily a prerequisite for conducting limited discovery necessary for defining the proposed class.").

Here, Named Plaintiffs have to be able to inquire into all issues relevant to the certification requirements, even those which overlap with the merits of the case and with information regarding prospective members of the collective and class actions other than the Named Plaintiffs. Defendants seek to curtail Named Plaintiffs' ability to do so by restricting the scope of Initial Discovery to exclude all aspects of the merits of the case, and to prevent Named Plaintiffs from obtaining information regarding prospective members of the class and collective actions, including their names and addresses.[1] Named Plaintiffs cannot effectively prosecute their case without the ability to discover all information relevant to the motions they are to file. Accord

---

[1] While Named Plaintiffs' counsel understood this to be Defendants' intent at the Initial Attorneys' Conference, Defendants' Proposed Discovery Plan refers only to "issues relevant to (1) conditional certification of this case as a collective action under the FLSA; and (2) certification of this case as a class action under Rule 23." This is the same standard that Named Plaintiffs would impose; however, as Footnote 4 to Defendants' Memorandum of Law In Support of Defendants' Proposed Discovery Plan makes clear, Named Plaintiffs and Defendants disagree as to what is "relevant" to the requisite certification decisions.

Ardrey, 798 F.2d at 682 (holding that discovery may not be structured in a way that prevents plaintiffs from pursuing their claims). In this case, this extends to the names and addresses of prospective members of the collective action, as well as their job descriptions, in order to allow Named Plaintiffs to properly define the collective action prior to engaging the Court's resources in the preliminary certification procedure and the court-approved notice process. Accord Hammond, 216 F.R.D. at 671 (allowing discovery prior to preliminary certification in order to help define the collective action). As this information is therefore relevant to the certification decision, both under § 216(b) and under Rule 23, the scope of discovery should not be narrowed so as to exclude it.

## CONCLUSION

In a matter as complicated as the instant litigation, it is critical that a discovery plan be enacted which preserves the ability of plaintiffs to effectively obtain information necessary to meet the standards imposed by § 216(b) of the FLSA and Rule 23 while, at the same time, serving the purposes of judicial economy. For the reasons stated above, Named Plaintiffs' proposed plan accomplishes these goals, while Defendants' proposed plan forecloses Named Plaintiffs' ability to obtain information it

needs to properly present its case. Therefore the Court should reject Defendants' proposed discovery plan and adopt a discovery plan similar to that proposed by Named Plaintiffs.

Respectfully submitted this 4th day of April, 2008.

**JAMES, McELROY & DIEHL, P.A.**

**LAW OFFICES OF J. NEAL RODGERS, PLLC**

_____/s Edward T. Hinson, Jr._____
Edward T. Hinson, Jr.,
NC State Bar # 7795
Preston O. Odom, III
NC State Bar # 29587
John Parke Davis
NC State Bar # 34427
600 South College St.
Charlotte, NC 28202
704-372-9870 (telephone)
704-333-5508 (facsimile)
EHinson@jmdlaw.com
POdom@jmdlaw.com
JPavis@jmdlaw.com

_____s/ J. Neal Rodgers_____
J. Neal Rodgers
NC State Bar # 20587
4000 Tuckaseegee Road
Post Office Box 668764
Charlotte, NC 28266-8764
704-392-4111 (telephone)
704-391-1905 (facsimile)
Neal@jnrodgerslaw.com

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' PROPOSED DISCOVERY PLAN** has this date been served upon the persons named below via the Court's CM/ECF system:

> Stephen D. Dellinger
> Littler Mendelsohn, P.C.
> Bank of America Corporate Center
> 100 North Tryon Street, Suite 4150
> Charlotte, N.C. 28202
> Email: sdellinger@littler.com
> *Attorneys for Defendants*

This 4th day of April, 2008.

**JAMES, McELROY & DIEHL, P.A.**

     /s John Parke Davis
Edward T. Hinson, Jr.,
NC State Bar # 7795
Preston O. Odom, III
NC State Bar # 29587
John Parke Davis
NC State Bar # 34427
600 South College St.
Charlotte, NC 28202
704-372-9870 (telephone)
704-333-5508 (facsimile)
EHinson@jmdlaw.com
POdom@jmdlaw.com
JPavis@jmdlaw.com

**LAW OFFICES OF J. NEAL RODGERS, PLLC**

     s/ J. Neal Rodgers
J. Neal Rodgers
NC State Bar # 20587
4000 Tuckaseegee Road
Post Office Box 668764
Charlotte, NC 28266-8764
704-392-4111 (telephone)
704-391-1905 (facsimile)
Neal@jnrodgerslaw.com

21