# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv407

| | |
|---|---|
| MICHAEL L. CARVER; DONALD COOK; BRANDON FISHER; JAMES MATTHEW LEVI; ERIC MARX; TED TEDWARD RICE; JAYSON ALEXANDER RICHARDSON; and ANGELA SURRATT, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>Vs. )<br><br>VELOCITY EXPRESS CORPORATION; VELOCITY EXPRESS, INC.; VELOCITY EXPRESS SOUTHEAST, INC.; VELOCITY EXPRESS LEASING, INC.; VELOCITY EXPRESS LEASING SOUTHEAST, INC.; VELOCITY EXPRESS MID-ATLANTIC, INC.; and JOHN DOE VELOCITY EXPRESS PLAN ADMINISTRATOR )<br><br>Defendants. ) | ORDER |

THIS MATTER is before the court on defendants' "Proposed Discovery Plan"

( Docket Entry #19) and plaintiffs' "Proposed Discovery Plan" (Docket Entry # 21).

Each plan has been accompanied by an extensive and well reasoned memorandum.

On April 8, 2008, an Initial Pretrial Conference was conducted, at which the merits of the opposing plans were discussed. In response to the court's concern as to fitting this action into the time expectations of the district court, defendants quite properly argued that the court should view the initial discovery as to collection/class certification as pre-joinder proceedings that would not impinge upon normal discovery and trial. The undersigned has considered these arguments and has discussed them with the district court in chambers and the district court has concurred in such reasoning inasmuch as full joinder has not yet occurred.

As to initial discovery, defendants argued that in order to oppose the anticipated motions for certification or to move to dismiss, they too would need initial discovery that would include deposing all the named plaintiffs. Defendants have argued that they should be able to challenge whether the named plaintiffs are similarly situated with each other and then challenge whether they are similarly situated with the putative collective/class members, the undersigned upon a review of relevant case law (discussed below) that consolidation of those two issues with the certification issues would better serve the court and public interest in the speedy resolution of this matter.

Plaintiffs anticipate that they will seek collective certification under 29 U.S.C.

§ 216(b) and class certification under Rule 23, Fed.R.Civ.P.[1] While plaintiff appears to separate these issues into separate motions in its proposed initial discovery plan, the court finds that these issues, like defendants probable dismissal issues, should be consolidated into the same motion, but as separate issues,[2] for purposes of judicial economy.

There is some authority for the position that a plaintiff may not seek certification under both Section 216(b) and Rule 23. For the limited purpose of implementing an initial discovery plan, the undersigned finds it is likely that the district court would allow the plaintiff to seek certification under both provisions inasmuch as the reported decisions of the district courts within the Fourth Circuit appear to allow for such a duality. See Zelaya v. J.M. Macias, Inc., 175 F.R.D. 625, 626 (E.D.N.C.1997); Beltran-Benitez v. Sea Safari, Ltd., 180 F.Supp.2d 772, 774 (E.D.N.C.2001); Westfall v. Kendle Intern., CPU, LLC, 2007 WL 486606 (N.D.W.Va. 2007).[3]

---

[1] The court recognizes that there are conflicting decisions as to whether both a Section 216(b) certification and a Rule 23 certification can be sought in the same proceeding. Ultimately, this would be an issue for the district court, and the undersigned does not attempt to bind such court through this decision; however, this court must prognosticate as to the likely legal outcome inasmuch as the breadth and scope of discovery is dependent on the nature of the certification sought.

[2] As discussed below, Section 216(b) and Rule 23 have very different standards.

[3] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

In a Section 216(b) certification, the only issue for the court is whether the named and opt-in plaintiffs are similarly situated.

> [A] plaintiff may more easily obtain certification of a § 216(b) collective action than a Rule 23 class action because plaintiffs in a § 216(b) action are not held to the requirements of Rule 23 certification.

Id. Such analysis is typically two part, with the first part being consideration of conditional certification of the putative class, with notices going out to potential collective members allowing them to "opt-in." After that phase, and further discovery related to whether representative collective members are similarly situated, the second phase involves defendants typically filing a motion to decertify the class.

As to the non-FLSA claims that are brought along with the FLSA claims, plaintiffs may well attempt certification of a class under Rule 23. Rule 23 certification is typically addressed after the close of all discovery, with considerations going well beyond whether the plaintiffs and the putative class members are similarly situated. See Fed.R.Civ.P. 23. Unlike Section 216(b) where the collective members must "opt in" to participate, Rule 23 requires members of the putative class to affirmatively "opt out" or be bound by the determination of the class action. Certification of a class under Rule 23 is a two-step process: first, plaintiffs must satisfy all four prerequisites of Rule 23(a); and second, plaintiff must then satisfy at

least one of the subsections of Rule 23(b). Lukenas v. Bryce's Mountain Resort, 538 F.2d 594, 595 n. 2 (4th Cir.1976).[4]

With such an understanding of plaintiffs' claims and what appears to be prevailing law, the undersigned finds that the discovery plan crafted by Honorable Trevor Sharpe, United States Magistrate Judge, in Barton v. The Pantry, Inc., 1:04cv748 (M.D.N.C. 2006) to be particularly helpful. The first phase of discovery in this action will focus on issues involved in certification under both Section 216(b) and Rule 23, and the court will also allow reciprocal discovery by defendants.

**ORDER**

**IT IS, THEREFORE, ORDERED** that initial discovery commence immediately and is limited as follows:

(1) **SCOPE OF INITIAL DISCOVERY**: unless agreed to by the parties or otherwise directed by this court, the scope of initial discovery shall be limited to all matters relevant to certification of a collective action

---

[4] The court notes that the Court of Appeals for the Fourth Circuit has been quite clear that Rule 23 class certification should not be allowed where there must be a position-by-position analysis. Stott v. Haworth, 916 F.2d 134, 145 (4th Cir.1990). In interpreting and applying such decision, at least one district court in this circuit has determined that Rule 23 class certification was inappropriate under Stott where it was asked to certify as a class "all workers classified as independent contractors" because such classification "would not address the critical issue of whether each employee was an independent contractor or an employee." Westfall, supra, at 13.

under Section 216(b) and certification of a class under Rule 23. It shall not be grounds for objection that discovery requests stray into "merits" so long as such request is reasonably related to issues of certification. The identities, job descriptions, and addresses of potential class and collective members are also within the scope of initial discovery so long as plaintiffs demonstrate in their request that it is relevant to class and collective action certification.

(2) **PROTECTIVE ORDER**: a protective order is, hereby, **ENTERED**, prohibiting any attorney, any named party, or any person acting on their behalf, from contacting or in any manner communicating with any potential member of the class or collective action identified by defendants or to in any manner disclose such information in any manner without first obtaining leave of this court. Such protective order shall not be read to prohibit normal contact by defendants with their employees or contractors or prohibit any normal interaction between the named plaintiffs and any colleagues, former colleagues, or friends who happen to be potential class or collective action members. In the event this action is terminated or a class or collective is not certified, such information and any copies thereof shall be returned to counsel for

defendants. Such information shall in no manner be used either during or after this action to solicit any individual with a potential legal claim unless such contact is made under the supervision of this court in the manner provided under Rule 23 or Section 216(b). This protective order shall not be read to prohibit mass media advertisement of the pendency of this action that otherwise complies with the Rules of Professional Conduct.

(3) **DEPOSITIONS:** within 30 days of filing this Order, defendants may notice and begin to depose any and all named plaintiffs. The nature of their purported contracts and/or employment with defendants should be the focus of such depositions;

(4) **WRITTEN DISCOVERY:** within 30 days of filing of this Order, plaintiffs are **ALLOWED** to serve on defendants not more than 15 interrogatories and 15 requests for production of documents,[5] and such shall be limited in scope to the issue of whether and to what extent there exist other individuals who are similarly situated with the named plaintiffs for purposes of a preliminary certification under Section

---

[5] The normal times for serving responsive materials/answers or interposing objections apply.

216(b);

(5) **MOTIONS DEADLINE:** within 120 days of the filing of this Order:

   (A) plaintiffs shall file in one pleading their Motion for Preliminary Certification Under Section 216(b), Motion for Class Certification Under Rule 23, and/or Motion to Amend their Complaint. The briefing and filing requirements found in the Local Civil Rules are applicable;

   (B) defendants shall file their Motions to Dismiss. Inasmuch as the arguments may be duplicative of arguments opposing certification, defendants are strongly encouraged to present such arguments in the form of a response to plaintiffs' motions for certification. If defendants elect to follow such recommendation, the court will allow defendants (upon motion) to file a surreply.

(6) **DECISION ON CERTIFICATION MOTIONS**: issues should be fully briefed within 165 days of this Order, and the court anticipates that the district court will issue its Order disposing of such motion(s) within 225 days of this order.

(7) **MERITS DISCOVERY:** Within 30 days of the district court's disposition of the motions, and if this action survives, respective

counsel shall file a joint <u>Motion</u> for Entry of a Proposed Merits Discovery Plan.

      Signed: April 14, 2008

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge