IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07 CV 407

| | |
|---|---|
| MICHAEL L. CARVER, DONALD COOK, ) <br> BRANDON FISHER, JAMES MATTHEW ) <br> LEVI, ERIC MARX, TED EDWARD RICE, ) <br> JAYSON ALEXANDER RICHARDSON, and ) <br> ANGELA SURRATT, on behalf of themselves ) <br> and all others similarly situated, ) <br>  ) <br>     Plaintiffs ) <br>  ) <br>     v ) <br>  ) <br> VELOCITY EXPRESS CORPORATION; ) <br> VELOCITY EXPRESS, INC.; VELOCITY ) <br> EXPRESS SOUTHEAST, INC.; VELOCITY ) <br> EXPRESS LEASING, INC.; VELOCITY ) <br> EXPRESS LEASING SOUTHEAST, INC.; ) <br> VELOCITY EXPRESS MID-ATLANTIC, ) <br> INC.; and JOHN DOE VELOCITY EXPRESS ) <br> PLAN ADMINISTRATOR, ) <br>  ) <br>     Defendants. ) | **ORDER** |

**THIS MATTER** comes on before the court, pursuant to the "Plaintiffs' Motion for Clarification and/or Modification of Discovery Order" (#26), the Order (#27) setting a hearing in regard to that motion for May 2, 2008, and pursuant to the "Proposed Joint Initial Scheduling Order" (#29) filed by the parties on May 1, 2008.

DISCUSSION

A.     **The hearing of May 2, 2008**

The court and court personnel presented themselves for the hearing on May 2, 2008 at the appointed time of 9:00 o'clock. Neither the plaintiffs nor their counsel nor the defendants nor their counsel appeared. After waiting for a period in excess of twenty minutes for the appearance of the parties and their attorneys, the

undersigned closed the hearing. The parties had been instructed in the Order (#27) that if the parties could agree on a "Pretrial Order and Case Management Plan" which was consistent with the form and usual practice for the Asheville Division of the United States District Court for the Western District of North Carolina then the document was to be sent, along with a motion, for approval of the court. The undersigned further instructed that if the undersigned found that the Order was satisfactory it would be entered. Late in the afternoon of May 1, 2008 an order was submitted. The order was not accompanied by a motion as had been instructed. The proposed order was not consistent at all with the form and usual practice for the Asheville Division for the United States District Court for the Western District of North Carolina. The undersigned examined the proposed order and was of the opinion that the court could not enter the order. It was the court's intention to discuss the problems with this order with counsel on May 2, 2008. As a result of counsel's decision to not appear, the undersigned will set out the problems the court has with the proposed order herein:

1. The order is not in the form which was required;

2. Plaintiffs and defendants have placed in the order that the time parameters and outside boundaries for merits discovery, dispositive motions, mediation and trial are "tentative". Those time limits were established by the court only after extensive consultation with the district court and only after approval by the district court. The time limits and parameters are not "tentative". A modification of those time limits and parameters will only be made upon a showing of compelling

good cause and reason;

3.  The response time of thirty days for defendants to respond to various motions is outside of the time limits for response, as set forth by the Local Rules;

4.  Paragraph 11 of the proposed order places the scheduling of matters in the case to the discretion of the parties and their attorneys and requires that the court allow all requests for extensions. This is a practice that cannot be allowed in this court and is one which would not be approved by the district court.

**B.  Plaintiffs' Motion for Clarification and/or Modification of Discovery Order**

On April 14, 2008, the undersigned entered a discovery order which provided for discovery in the case through a period which was denoted as "Initial Discovery". This order was not in accordance with or in the form of the usual Pretrial Order and Case Management Plan which is entered in the Asheville Division. The undersigned entered such order only after hearing from the attorneys for the parties in an open hearing on April 8, 2008 and further then only after consulting with the district court who approved this unusual plan for discovery. In preparing the order, the court used the plaintiffs' discovery plan (#21) and quoted language from that plan liberally. Shortly after the filing of the proposed plan, both the defendants and then the plaintiffs, each filed "Motions Requesting a Clarification" (#24 & 26) of various terms and conditions of the scheduling order. Numerous objections were made to almost all aspects of the order. As a result, this court entered an Order (#27) on April

23, 2008 setting a second pretrial conference so that all objections could be discussed at the hearing which was to take place on May 2, 2008 at 9:00 o'clock a.m. As stated above, neither the parties nor their counsel appeared.

Having been involved in the practice of law for a period of twenty-eight years, this court recognizes the difficulties that exists in regard to the practice of law and particularly in regard to handling matters that may be complex. It was with that experience in mind that this court considered a bifurcated discovery plan proposed by the parties. After considering the bifurcated discovery plan, it was discussed with the district court and approval was obtained for the entry of an order establishing a bifurcated discovery plan. With the thought still in mind to try to enter a bifurcated discovery plan that would be satisfactory to the parties, the undersigned scheduled a hearing of May 2, 2008. It appears now that the bifurcated method of discovery proposed by the parties is not going to be satisfactory in this case. One month of time of preparation for discovery and trial in this matter has already expired in time spent trying to prepare a pretrial order and case management plan. This was time which should have been used in moving this case forward. It is also clear to the undersigned from the proposed order (#29) that was sent to the court on the late afternoon of May 1, 2008, that counsel for the plaintiffs and the defendants have a misunderstanding of the time requirements for the trial of cases in this division. As stated previously in this Order the times set for the completion of this case are not "tentative".

As a result of the foregoing, the undersigned has determined to enter a Pretrial Order and Case Management Plan that is consistent with that type of order and plan which is entered as the usual practice for the Asheville Division for the United States

District Court for the Western District of North Carolina. An additional 150 days of time has been built into the plan which was done with the approval of the district court. An extra number of depositions, interrogatories and request for admissions have been included. This plan does not and will not provide for a bifurcation of discovery. Counsel for both the plaintiffs and the defendants are urged to give this matter their utmost attention.

**ORDER**

**WHEREFORE, IT IS THE ORDER** of the court that the "Proposed Joint Initial Scheduling Order" (#29) filed by the parties herein which was filed without motion is **STRICKEN** and is to have no force and effect.

Signed: May 14, 2008

Dennis L. Howell
United States Magistrate Judge